UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LARRY S. HYMAN, as Liquidating
Trustee for the Liquidating Trust for
Governmental Risk Insurance Trust,

    Plaintiff,

v.                                    CASE NO: 8:04-cv-2273-T-26TBM

COREGIS INSURANCE COMPANY,

    Defendant.
_____/


**O R D E R**

Before the Court are Plaintiff's Post-Trial Brief (Dkt. 72), Defendant's Post-Trial Brief (Dkt. 73), and the transcript of the bench trial held February 6 and 7, 2006. (Dkts. 68-69). After careful consideration of the briefs, the evidence submitted at trial, and the entire file, the Court concludes that Plaintiff is not due any damages from Defendant.

**Count I: Declaratory Relief**

After all the evidence had been presented at trial, the Court concluded that the reinsurance agreement is clear and unambiguous. (Dkt. 69 at 257). The agreement provides that Defendant Coregis will assume coverage liability for worker's compensation policies in force at 12:01 a.m. July 1, 1998, for occurrences that take place after 12:01 a.m. (Dkt. 69 at 258). The agreement, however, does not commence or take

effect until 12:01 a.m. July 1, 1998, with respect to worker's compensation policies in force at that time. Thus, coverage liability on the part of Defendant is triggered by an occurrence or accident occurring after 12:01 a.m. July 1, 1998, not for losses prior to that time. (Dkt. 69 at 258).

This interpretation of the agreement is further bolstered by the testimony presented[1] regarding the custom and practice in the insurance industry:[2] if the reinsurer is to accept coverage for losses predating the agreement, there is either a loss portfolio transfer or a negotiated amount provided for in the agreement or treaty.[3] The uncontroverted evidence in this case shows that no negotiated amount or transfer was provided for in the agreement, nor was there a loss portfolio transfer that accompanied the agreement. (Dkt. 69 at 259-60; Dkt. 68 at 123-24 & 177). Significantly, Plaintiff's own expert, Mr. Heath, testified that he was "surprised" that such a provision was not part of the agreement. (Dkt. 68 at 123-24). Thus, based on the interpretation of the agreement at issue in count I of the Amended Complaint for declaratory relief, the Court concludes that

---

[1] In considering the testimony of the witnesses, the Court found Mr. Barber's testimony more persuasive than Mr. Heath's because Mr. Barber was more knowledgeable about the American insurance industry and Mr. Barber discounted the portion of the agreement regarding commencement. (Dkt. 69 at 260). For purposes of interpreting the agreement, the Court did not rely on the testimony of Defendant's corporate representative, Mr. Cooper. (Dkt. 69 at 261; Dkt. 68 at 126-164).

[2] The agreement embodies the parties' intent to have the decision maker, whether arbitrator or judge, consider the custom and practice of the insurance industry in resolving any disputes.

[3] The evidence at trial reveals that in the industry, reinsurance agreements are referred to as "treaties."

the agreement provides for recovery by Plaintiff for only those losses occurring after 12:01 a.m. July 1, 1998.  Accordingly, count I is decided in favor of Defendant.

## Count II: Breach of Contract

The Court reserved ruling on the issue of damages until such time as the parties filed supplemental briefs directed to the amount due and owing Plaintiff for the losses occurring after 12:01 a.m. July 1, 1998.  (Dkt. 69 at 257& 261-63).  Plaintiff seeks damages in the amount of $935,000.47 or, in the alternative, $370,454.00 for the losses occurring after 12:01 a.m. July 1, 1998, based on summaries and underlying documents showing claims payments for policies in force as of July 1, 1998.  (Dkt. 68 at 239 and Plaintiff's trial exhibits 19-26).  Plaintiff bears the burden of proving damages to a reasonable certainty.  See Swindell v. Crowson, 712 So.2d 1162 (Fla.Dist.Ct.App. 1998) (holding that damages were not recoverable based on speculation, conjecture or guesswork where claimant in estate proceeding did not provide documents supporting her time spent on work for the estate and where same claimant testified that amount covered particular nine-year period but argued amount covered only 3-year period).  As Defendant correctly contends, however, Defendant is not responsible for claims relating to accidents occurring prior to 12:01 a.m. July 1, 1998, and none of the documents relied on by Plaintiff's witnesses nor any of the testimony elicited by Plaintiff pinpoint the date of the accidents.  Because time may pass between the date of the claims payment and the date of the accident or loss, the dates of the claims payments cannot be considered as the dates of the accidents or losses.

Another factor weighing heavily in the Court's decision lies in the nature of the relationship among Plaintiff, Defendant and the third-party administrator of the claims—Zenith. It is Zenith which maintains the books and records, processes claims, and bills Defendant for any amounts owing under the reinsurance agreement. (Dkt. 68 at 28; Dkt. 69 at 236). The record is devoid of any evidence that Zenith has billed Defendant for any amounts owing under the reinsurance agreement for which Defendant has not yet paid. In short, the claimed damages are too uncertain and speculative[4] for this Court to fashion a damages award in favor of Plaintiff.

Accordingly, having reviewed the briefs and the trial transcript, the Court finds that Plaintiff has failed to carry its burden of proving damages. It is therefore **ORDERED AND ADJUDGED** as follows:

(1) As to count I, Defendant prevails on the interpretation of the reinsurance agreement. The Clerk shall enter judgment in favor of Defendant and against Plaintiff on count I.

(2) As to count II, no damages are due Plaintiff. The Clerk shall enter judgment in favor of Defendant and against Plaintiff on count II.

(3) The Clerk is directed to close this case.

---

[4] Cf. Amcor, Inc. v. Brock, 780 F.2d 897 (11th Cir. 1986) (stating that "rule that precludes the recovery of uncertain and speculative damages . . . applies only to situations where the fact of damages is itself uncertain"). The Court finds that the instant case presents one of those situations where the fact of damages itself is uncertain, because there is no proof that Defendant has been billed or has not paid for losses occurring after 12:01 a.m. July 1, 1998.

**DONE AND ORDERED** at Tampa, Florida, on March 28, 2006.

           s/*Richard A. Lazzara*
           **RICHARD A. LAZZARA**
           **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record